UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCESS MARIA SPENCER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-00322 (UNA) |
| U.S. DEPARTMENT OF LABOR, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of Washington, D.C., has sued the U.S. Department of Labor.  In the single-page complaint, Plaintiff requests "a hearing to pick up my contract from the United States Attorney General as a Federal Investigator and paychecks from the Trump Administration" and "to pick up COVID relief unemployment funds that were stolen."  Plaintiff alleges that she "won an appeal but never received the reimbursement that was stolen also which was around $60,000."  Finally, she alleges that the "paperwork" she sent to the Department of Labor was stolen. Such cryptic statements fail to provide notice of a claim and the basis of federal court jurisdiction. Consequently, this action will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
Date: February 17, 2023                             United States District Judge